EMSON MILLER, plaintiff in error *vs.* WILLIAM H. BINION, *et. al.*, defendant in error.

B died intestate, and his widow administered on his estate. In the course of administration, she sold the personalty belonging to the estate, became herself the purchaser, and charged herself in her returns with the proceeds of the sale. Afterwards she intermarried with M, who obtained administration *de bonis non* of said estate, sold a portion of the same personalty, and charged himself with the proceeds of the sale: *Held*, that the heirs-at-law are not entitled to recover the proceeds of both sales of personalty, which had been twice sold.

Bill in equity, for account and distribution, in the Superior Court of Schley county, tried before Judge WORRILL, at October Term, 1860.

This was a bill filed by William H. Binion and others, heirs-at-law, and distributees of William Binion, deceased, against Emson Miller, administrator *de bonis non* of said deceased, praying an account and distribution of said estate.

The record is extraordinarily voluminous, but as the Court passed upon but one question, and as Mr. Justice Jenkins, in the opinion of the Court as delivered by him, gives a statement of all the facts necessary to a clear understanding of the question decided, the Reporter deems any other statement unnecessary.

VOL. XXXIII—3.

LEVI B. SMITH, BLANFORD and CRAWFORD, for plaintiffs in error.

B. HILL and W. D. ELAM, *contra.*

*By the Court*—JENKINS J., delivering the opinion.

The facts of this, pertinent to the question raised, are simply these : The widow of an intestate (there being several children, co-heirs with her) administered on his estate, and in legal course of administration, sold the personalty. At the sale, she became the purchaser, and in her returns to the Ordinary, charged herself with the proceeds of the sale ; but continued to use the property thus sold, on the plantation of the intestate, for the support, maintenance and general benefit of all the heirs, who, together resided there. Subsequently she intermarried with the plaintiff in error, whereby, her letters of administration were revoked. The plaintiff in error obtained letters of administration *de bonis non*, and proceeded to sell, as the property of the estate, such of the same personalty as remained on the estate, and charged himself with the proceeds, in his return to the Ordinary. The intestate's children as distributees, filed their bill against the plaintiff in error, for account and distribution, and on the trial, claimed that they were entitled to the proceeds of both sales of personalty, which had been twice sold.

The Court below charged the jury, that they were so entitled, and the jury found in accordance with the charge. This charge is excepted to as error.

Upon what ground can this charge, manifestly contrary to natural equity, be sustained ?

It is said, upon the ground, that the proceeds of both sales are charged against the administrators, and that the plaintiff in error, is bound by his own return and that of his wife. But is a Court of Equity to close its eyes against a manifest mistake, and do flagrant injustice by its decree ? The distributees are entitled to a fair accounting for the estate of their intestate, but this does not necessitate a double account-

Miller *vs.* Binion *et al.*

ing, nor does a double entry, by the representative, of the same value, through ignorance or mistake, bind him irreversibly to such double accounting. There is no evidence of fraudulent intent. The charge of the Court below, induced the jury to take from the administrator more than the value of the estate, to find for the defendants in error, that which they cannot in good conscience receive. We know of no rule which thus rigidly binds a Court of Equity to do injustice.

It is said again, that the purchase by the first administratrix, at her own sale, was illegal, and that the distributees are not bound by it. This is very true, and the administrator *de bonis non* (bound for the acts of his predecessor, by his intermarriage with her) treated that first sale as a nullity, and resold the property. The right of the distributees is to affirm or disaffirm the purchase by the administrator; but in the absence of any intent to defraud, and of any injury, not otherwise reparable, a Court of Equity will not permit them to affirm the sale so as to appropriate the proceeds, and at the same time, to disaffirm it, so as to subject the property to resale, and thus duplicate the proceeds. In no point of view can this charge to the jury be sustained.

Let the judgment be reversed.